IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM Q. TERRY,**

    **Petitioner,**

    v.                                       **CIVIL ACTION NO. 1:04CV27**
                                                        **(Judge Broadwater)**

**EDWARD F. REILLY, Chairman**
**United States Parole Commission, and**
**B.A. BLEDSOE, Warden, Gilmer Federal**
**Correctional Institution,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 23, 2004, the *pro se* petitioner, William Q. Terry, an inmate at FCI-Gilmer, Glenville, West Virginia, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner argues the respondents have erred in denying him parole.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09, is ripe for review.

### II. FACTS

The petitioner was convicted in the Superior Court of the District of Columbia of first degree murder, and he was sentenced to 20 years to life imprisonment. The petitioner states that he was required to serve a mandatory term of 20 years before he was eligible for parole release. The petitioner was denied parole in July 2000, and January 2003.

On January 14, 2003, the United States Parole Commission ["Commission"] issued a Notice of Action in which it denied parole and continued the petitioner for a reconsideration hearing in

November 2007. The Commission noted that the petitioner's Current Total Guideline Range is 396-462 months and that a decision outside the guideline range was not warranted. [1]

The petitioner disagrees with the denial of parole and contends as follows:

(1) His pre and post incarceration factors were categorically misapplied by the Commission to depart and deviate from the guidelines and laws under the regulations and statutes which specified that a deviation from the guidelines require "good cause."

(2) The Parole Commission "'double counted' violence by using it to justify a departure from the "Federal' Guidelines" themselves.

(3) The respondent's action[s] were arbitrary and capricious for deviating and disregarding well-established D.C. Municipal regulations on parole and D.C. Parole Laws to deny petitioner parole.

(4) The respondents had circumvented the regulations and statutes of the District of Columbia by applying and considering only federal regulations and statutes to extend and increase petitioner's punishment that was not authorized by D.C. laws.

(5) By applying and considering the salient factor score to determine his months range for him to serve, the respondents had extended his parole release date.

(6) The respondents had disregarded the "explicitly mandatory language" and specified substantive predicates of the D.C. regulations which created a protected liberty interest in parole.

(7) Petitioner did meet those specific criteria to be granted parole release but the respondents had acted contrarily to D.C. laws and regulations in denying him parole release after he rehabilitated himself.

### III. ANALYSIS

**A. The Court cannot Review the Decision of the Commission to Determine Whether it is**

---

[1] The Total Guideline Range is made up of the following components: (1) base point score guideline range; (2) months required to serve to parole eligibility date; (3) disciplinary guideline range; and (4) superior program achievement award.

**Arbitrary.**

The petitioner asserts that the Commission acted arbitrarily and capriciously in denying him parole.

A Court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. Garcia v. Neagle. 660 F. 2d 983, 989 (4th Cir. 1981). Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va.. 2003). However, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id. See also, Gruber v. United States Parole Commission, 792 F. Supp. 42 (N.D. W.Va. 1992).

Thus, the Court cannot review the petitioner's claim that the decision of the Commission was arbitrary and capricious. However, in the following section, the undersigned has examined whether the Commission incorrectly used the salient factor score to deny him parole, and in a later section has examined whether he has a liberty interest in parole.

**B. The Proper Guidelines Were Used to Deny Parole.**

The petitioner asserts that the respondents did not use the proper guidelines in denying him parole. On August 5, 1998, the Commission obtained jurisdiction of D.C. Code offenders to grant and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, D.C. Code §24-1231(a)("Revitalization Act."). See also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir.1998). Effective August 5, 2000, the Commission was given the responsibility of supervising parolees and revoking parole. §11231(a)(2) of the Act codified at D.C. Code §24-

131(a)(2). The Revitalization Act provided that the Commission was to follow the parole law and regulations of the District of Columbia, but also granted the Commission "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons." D.C.Code Ann. § 24-131(a)(1); Simmons v. Shearin, 295 F.Supp.2d 599, 602 (D.Md.2003).

Subsequently, the Commission established amendments and revisions to the 1987 guidelines of the D.C. Board of Parole, which had remained in effect until August 5, 1998. See 28 C.F.R. §2.70, et. seq. On July 21, 1998, the Commission's amended version of the parole rules and guidelines were published in the Federal Register at 63 FR 39172 and are found at 28 C.F.R. §2.70 et. seq. The Commission's decision-making guidelines are found at 28 C.F.R. §2.80. These guidelines expanded the "total point score" that is contained in the 1987 guidelines of the D.C. Board of Parole. 28 C.F.R. §2.80. Pursuant to these guidelines, the prisoner is assigned a "salient factor score" which is "one of the factors used in calculating parole eligibility."[2]

The guidelines set forth in 28 C.F.R. §2.80 and the use of a salient factor score, are consistent with D.C. law. In fact, in 1987, the D.C. Board of Parole promulgated new regulations which used a salient factor score to make parole determinations. See Blair-Bey v. Quick, 151 F. 3d 1036 (D.C.

---

[2] The salient factor score is determined by the following factors: (1) the number of prior convictions/adjudications; (2) the number of prior commitments of more than 30 days; (3) the inmate's age at commencement of the current offense/prior commitment of more than 30 days; (4) the length of recent commitment free period; (5) whether the inmates was on probation/parole/confinement/escape status at the time of the current offense; and (6) whether the inmate was 41 years of age or more at the commencement of the current offense.

The salient factor score is then used to determine the base point score. The base point score is determined by adding the salient factor score to the scores obtained by determining whether the prisoner's current conviction involved violence against a person and whether a prior offense involved felony violence. The base point score allows the Commission to calculate a Total Guideline Range, which is the total time a prisoner would be expected to serve until he would be suitable for parole.

Cir. 1998). Included in the salient factor score was a list of factors which were weighted. Id. The factors include the inmate's offense, prior history of criminality, personal and social history, physical and emotional health, institutional experience, and availability of community resources. Id. The Commission continued to use the salient factor score as promulgated by the D.C. Board of Parole, but the Commission "increased the number of points awarded for certain offenses to better predict 'the probability of violent offenses and to 'differentiate between ordinary and extremely violent offenses.'" McKissick v. United States Parole Commission, 295 F. Supp. 2d 643, 649 (S.D. W.Va. 2003).

Additionally, contrary to the petitioner's arguments, the D.C. guidelines did not require parole decisions to emphasize rehabilitation and to ignore the severity of the offense. See e.g., 28 D.C.M.R. §204.18(a) and 204.18(d); Ellis v. District of Columbia, 84 F. 3d 1413 (D.C. Cir. 1996). Instead, the D.C. guidelines allowed both the nature of the offense and rehabilitation to be considered. Furthermore, the Commission allows program achievement to be balanced against any misconduct during the same time period. McKissick, 295 F. Supp. 2d at 649.

Therefore, the Commissioner did not violate D.C. Parole laws when it denied the petitioner parole based on a salient factor score which included an offense in his criminal history. Further, the petitioner's allegation that the Commission double counted his violence by using it to justify a departure from the "federal guidelines" is without merit because the Commission did not depart from the guidelines.[3]

**C. The Petitioner has no Liberty Interest in Parole.**

---

[3]"Double counting occurs when the Commission considers a basis for departing from the guidelines the same factors it used either to place the inmate in a particular severity category or to calculate his Salient Factor Score, or both." Muhammad v. Mendez, 200 F. Supp. 2d 466, 470 (M.D. Pa. 2002).

The petitioner asserts that he has a liberty interest in parole. However, such is not so. First, the Constitution does not provide a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Moreover, the D.C. parole statute and regulations do not create a liberty interest. See, e.g., Simmons v. Shearin,295 F. Supp. 2d 599 (D. Md. 2003); Muhammad v. Mendez, 200 F. Supp. 2d 466 (M.D. Pa. 2002); Blair-Bey v. Quick, 151 F. 3d 1036, 1047-48 (D.C. Cir. 1998) and Price v. Barry, 53 F. 3d 369, 370 (D.C. 1995).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further recommended that the petitioner's Application to for Leave to Proceed Without Prepayment of Fees be DENIED as MOOT because the petitioner paid the filing fee.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: April 11, 2005          /s *John S. Kaull*


                               JOHN S. KAULL
                               UNITED STATES MAGISTRATE JUDGE