IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

WILLIAM Q. TERRY,

    Petitioner,

v.                                   CIVIL ACTION NO. 1:04CV27
                                           (BROADWATER)

EDWARD F. REILLY, Chairman
United States Parole Commission, and
B.A. BLEDSOE, Warden, Gilmer Federal
Correctional Institution,

    Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Amended Report and Recommendation of Magistrate Judge John S. Kaull, dated April 11, 2005. The Court granted the petitioner an extension of time to file his objections to the Report. The petitioner filed his objections on May 17, 2005. In the interests of justice and pursuant to 28 U.S.C. § 636, the Court has conducted a *de novo* review of the matter. After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation (Document 6) should be and is hereby **ORDERED** adopted.

The Court notes that petitioner's objections to the Report seemingly raised new grounds on which to base his petition rather than object to the findings set forth in the Magistrate Judge's report. In his objections to the Magistrate Judge's Report, the petitioner argues that changes in "the standards for granting parole [which] dictate longer periods of incarceration, if applied retroactively . . . to offenses committed before the changes in law, violate the ex post facto clause" of the United States

Constitution. The Court now addresses the argument set forth in petitioner's objections.

In November, 1977, petitioner William Q. Terry was charged with and subsequently convicted of Murder in the First Degree in the Superior Court of the District of Columbia. He was sentenced to a term of twenty years to life imprisonment. Petitioner represents that he was required to serve a mandatory term of twenty years before being eligible for parole release. He had an initial parole hearing in October 1999, at which time parole was denied. Another hearing was set 28 months later in February 2002. However, while petitioner was serving the 28 month reconsideration term, the United States Parole Commission ("Commission") made revisions to the previous guidelines used in determining parole eligibility. This new system became effective in December 2000. Petitioner argues that the December 2000 revision of the United States Parole Commission's system by which eligibility for parole is determined was a violation of the Ex Post Facto clause of the United States Constitution. *See* U.S. Const., art. I, § 10, cl. 1. Petitioner argues that the changes lengthened the period between his parole reconsideration hearings and thus dictated a longer period of incarceration for him.

The Ex Post Facto clause prohibits enactments which, through retroactive application, increase the punishment for a crime that has already been committed. Warren v. Baskerville, 233 F.3d 204, 206 (4th Cir. 2000) (citing Collins v. Youngblood, 497 U.S. 37, 42 (1990)). In the case at hand, petitioner was sentenced to a term of imprisonment of twenty years to life. Therefore, the Court finds that any period of incarceration exceeding the minimum sentence of twenty years is not an increase in sentence, as petitioner ultimately faces a term of life in prison. Therefore, the change in parole guidelines does not violate the Ex Post Facto clause, as there has been no increase in punishment. Furthermore, "the ex post facto prohibition applies to 'laws'." Warren, 233F.3d at 207.

*See* United States v. Ellen, 961 F.2d 462, 465 (4th Cir. 1992) and Prater v. U.S. Parole Comm'n, 802 F.2d 948, 951 (7th Cir. 1986) (holding "The constitutional prohibition against ex post facto laws . . . is directed to the legislative branch of government rather than to the other branches"). *See also* Dufresne v. Baer, 744 F.2d 1543, 1549-50 (11th Cir. 1984) (holding that the U.S. Parole Commission's parole guidelines do not have the force of law, and thus the Commission's retrospective changes to the guidelines did not violate the Ex Post Facto Clause). The Court thus finds that the Commission's changes in procedure do not violate the Ex Post Facto Clause in that they do not consist of changes in law.[1]

The Court thus **ORDERS**

1) that the petitioner's petition is now **DENIED** and **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation and set forth in this Order. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this 26TH day of April 2006.

W. Craig Broadwater
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner notes that in Roller v. Cavanaugh, 984 F.2d 120 (4th Cir. 1993), a South Carolina statute which reduced the length of time between parole reconsiderations from every year to every two years was unconstitutional as an ex post facto law. The Court notes that Roller is distinguished from the case at hand in that the action taken in Roller was by the State legislature and the change made was to a true "law" rather than to an administrative procedure as in petitioner Terry's case. Furthermore, defendant Roller was sentenced to one term of thirty years and one term of five years, the two terms to be served concurrently. This also differs from the case at hand, where petitioner Terry faces a possible term of life in prison.